## James Finley *v*. R. M. Woodman.

**Witnesses—Transaction Between Witness and Deceased Person.**

Under the statute, the rule of evidence as to the competency of witnesses, a party is not prohibited from testifying in his own behalf in regard to what took place between himself and one who is dead, where the deceased could only be a witness if living.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 15, 1873.

OPINION BY JUDGE PRYOR:

There is no reason why the judgment should be disturbed. This is the third trial of the cause, there being two verdicts for the appellee, and one resulting in a hung jury. Although the counterclaim or rather set-off, may be improperly pleaded, still there was no demurrer; but on the contrary the appellant, in his reply, tendered an issue by denying that the logs were sold or delivered to him. The statements of the agent of the appellant were properly admitted. The death of the agent does not prevent the parties to the record from testifying; they were in court to speak for themselves. The provision of the statute enlarging the rule of evidence as to the competency of those called to testi-·

fy, does not prohibit a party from testifying in his own behalf in regard to what took place between himself and one who is dead and could only be a witness if living. If the matter about which he is called on to testify is admissible, although a party to the action, he may testify in regard to it.

We can not determine the basis on which the jury rendered their verdict. They may have refused to include in their estimate the small note as the appellee swore that he never signed it or authorized it to be done. Applying, however, the account as a credit on the notes from the time the lumber was delivered, and allowing the appellant all of his claims, the judgment is not for too much, and if it was, still, as before suggested, the jury may have disallowed the small note.

The judgment must be affirmed.

*Apperson & Reed, T. Turner, for appellant.*

*Tenny, Holt, for appellee.*